■ ANN EHRLICH et al., Respondents, v. EDWARD KUBIS, Defendant, and M. A. HITTNER & SONS, INC., Appellant.— In a negligence action to recover damages for personal injury allegedly sustained in an automobile accident, the corporate defendant, M. A. Hittner & Sons, Inc., appeals from so much of an order of the Supreme Court, Kings County, entered December 26, 1963, as granted plaintiffs' cross motion for the discovery and inspection of a written statement made by the individual defendant, Edward Kubis, to an insurance broker prior to the institution of the action. Order, insofar as appealed from, reversed, without costs, and plaintiffs' cross motion denied. In our opinion, the written statement which the individual defendant Edward Kubis gave to the insurance broker during the course of the latter's investigation into the circumstances of the accident here involved is not available for discovery under CPLR 3101 (*Finegold* v. *Lewis*, 22 A D 2d 447; *Kandel* v. *Tocher*, 22 A D 2d 513; *Zavaglia* v. *Engert*, 23 A D 2d·790). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ ANNIE GILMOUR et al., Appellants, v. MANHATTAN CENTER, INC., et al., Respondents.— In an action by a wife and her husband to recover damages for personal injury, loss of services, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County, entered December 18, 1964 upon reconsideration, which adhered to the court's original decision and denied their application for a preference in trial pursuant to this court's special rules. Order affirmed, without costs. In our opinion, on the basis of the medical proof submitted, the court properly exercised its discretion in denying the preference (*Peisachov* v. *La Barbera*, 18 A D 2d 681; *Santopatre* v. *Lieberman*, 18 A D 2d 1021). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ SARA GUTHAJN et al., Respondents, v. ISRAEL MARKMAN, Appellant.— In a negligence action· to recover damages for personal injury, loss of services and medical expenses, the defendant appeals from an order of the Supreme Court, Kings County, entered December 8, 1964, which granted plaintiffs' motion for summary judgment and directed an assessment of damages by a jury. Order reversed, without costs, and motion denied. In our opinion, the record presents issues which may not be resolved upon a motion for summary judgment. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.